IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACEY F. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0298-WS-M |
| | ) | |
| STATE OF ALABAMA, | ) | |
| ADMINISTRATIVE OFFICE OF | ) | |
| COURTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The defendants have filed motions to dismiss. (Docs. 5, 6). Both motions question whether the complaint was filed within 90 days of receipt of the EEOC's right-to-sue letter. As the defendants concede, the complaint does not state when the plaintiff received the letter. The defendants merely suspect it may have been more than 90 days before the complaint was filed, since the complaint says the letter was issued 98 days before suit was filed.

The defendants assert no failure to comply with applicable pleading rules. If "a claim has been stated adequately [under those rules], it may be supported by showing any set of facts consistent with the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That is, "[a] motion to dismiss may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). In making this assessment, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings

and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted).

The defendants acknowledge none of these principles. Instead, they merely assert that "it is incumbent upon the Plaintiff to prove that her complaint was timely filed." Indeed it is, but the defendants have not shown that the plaintiff cannot prove her complaint was timely filed. That it may be unlikely does not show that it is impossible.

For the reasons set forth above, the motion to dismiss filed by defendant State of Alabama Administrative Office of Courts, (Doc. 6), is **denied**. The motion to dismiss filed by the individual defendants, (Doc. 5), is **denied in part**, as to its untimeliness argument.

The individual defendants raise the additional argument that suit under Title VII cannot be brought against them in their individual capacity and that suit against them in their official capacity is redundant, since the employer is also a defendant. (Doc. 5 at 1-2). The plaintiff is **ordered** to file and serve her response to this argument on or before **October 18, 2011**. The individual defendants are **ordered** to file and serve any reply on or before **October 25, 2011**. The Court will take the individual defendants' motion to dismiss under submission on October 25, 2011.

DONE and ORDERED this 4th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE